UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVITA CRAWFORD** <br> 2404 Youngs Drive <br> Haymarket, VA 20169 <br><br> and <br><br> v. <br><br> **STANDARD INSURANCE COMPANY** <br> **d/b/a THE STANDARD** <br> 900 SW 5th Avenue <br> Portland, OR 97204 <br><br> SERVE: Commissioner Stephen C. Taylor <br> DISB <br> 1050 First Street, NE, 801 <br> Washington, DC 20002 <br><br> Defendant. | : <br> : <br> : Case No.: <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiff, by counsel, hereby brings this cause of action against Defendant Standard Insurance Company d/b/a The Standard and states as follows:

### Introduction

1. Defendant issued a Long Term Disability ("LTD") policy that covered Plaintiff while employed with Intelsat Corporation. Plaintiff submitted a claim for benefits under the LTD policy via the Defendant's internal administrative policies and procedures. Plaintiff received LTD benefits pursuant to this policy from January 22, 2014 through July 5, 2017, at which point Defendant terminated her benefits, having determined that Plaintiff was not considered disabled due to conditions that were not subject to a limited period of benefits. Plaintiff is entitled to LTD benefits beyond July 5, 2017 by the terms of the policy.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

## Parties

2. Plaintiff is a resident of the Commonwealth of Virginia residing at the above-captioned address.

3. Defendant is, upon information, knowledge, and belief, an insurance and financial company that is a subsidiary of StanCorp Financial Group, and is headquartered in Portland, Oregon. Defendant regularly conducts business in the District of Columbia, including by providing insurance to District of Columbia companies and residents. At all times relevant herein, Defendant administered the Group Policy that provided LTD benefits to employees of Intelsat Corporation, including Plaintiff, that gives rise to this action.

## Jurisdiction and Venue

4. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), to recover benefits due to Plaintiff under the terms of the relevant plan, to enforce her rights under the terms of the plan, to clarify her rights to future benefits under the terms of the plan, and to recover costs and attorneys' fees.

5. This is an action brought pursuant to § 502(a) of ERISA, codified at 29 U.S.C. § 1132(a).

6. The United States District Court for the District of Columbia has subject matter jurisdiction pursuant to § 502(e)(1) of ERISA, codified at 29 U.S.C. 1132(e)(1), and 28 U.S.C. § 1331.

7. Under § 502(f) of ERISA, codified at 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

8. Venue is proper in this district pursuant to § 502(e)(1) of ERISA, codified at 29 U.S.C. § 1132(e)(2), in that the subject plan is administered in this district, and the breaches of

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

duty herein alleged occurred in this district, and pursuant to 28 U.S.C. § 1391(b), in that the events giving rise to the claim occurred in this district.

## Statement of Facts

9. Plaintiff was employed by Intelsat Corporation.

10. Defendant issued Group Long Term Disability Insurance Policy, policy number 649100 (hereinafter "the Policy"), to Intelsat Corporation.

11. Plaintiff, as an employee of Intelsat, was a beneficiary of the Policy. Her claim was assigned No. 00VT3433.

12. At all times relevant herein, Plaintiff was an insured person under the Policy.

13. The Policy is an employee welfare benefit plan with the meaning of § 3(1) of ERISA, codified at 29 U.S.C. § 1002(1), as it was established and is maintained by an employer for the purpose of providing for its participants or their beneficiaries benefits in the event of an accident or disability.

14. While an employee of Intelsat Corporation, Plaintiff suffered a traumatic brain injury resulting in serious and permanent symptoms. She ultimately filed a claim for LTD benefits, which was granted. She was paid LTD benefits from January 22, 2014 through July 5, 2017.

15. On July 5, 2017, Defendant ceased payment to Plaintiff after it completed a review of her claim.

16. On December 22, 2017, Plaintiff's counsel filed an administrative appeal of Defendant's denial of continued LTD benefits as Plaintiff remained disabled as a result of a physical injury and related symptoms. Plaintiff's appeal included medical records concerning the physical nature of Plaintiff's conditions, evidence that had not been considered by Defendant.

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

3

17. On October 9, 2018, Plaintiff received an unfavorable final decision from Defendant regarding her administrative appeal.

18. Plaintiff remains unable to work and her conditions persist to this day. Her inability to work is directly related to the symptoms she continues to experience due to her physical injuries.

19. Defendant has not provided benefits to which Plaintiff is entitled pursuant to the terms of the LTD policy.

## COUNT I – Claim for Benefits – 29 U.S.C. 1132

Plaintiff incorporate by reference all other paragraphs of the Complaint as if fully alleged herein, and further alleges as follows:

20. Plaintiff is a beneficiary of a LTD policy which is an employee welfare benefits plan as defined by ERISA.

21. Defendant was charged with administering the terms of the LTD policy, as covered by ERISA.

22. Defendant and its agents administered the plan under a conflict of interest because it had authority to terminate Plaintiff's benefits and was in a position to realize financial gains from doing so.

23. Defendant wrongfully, arbitrarily, and capriciously denied Plaintiff the benefits to which she is entitled pursuant to the terms of the LTD policy after relying upon insufficient evidence and ignoring countervailing evidence that supported Plaintiff's claim.

WHEREFORE, Plaintiff prays that this Court grant her relief as follows: an award of damages equal to the total sum of LTD payment pursuant to the terms of the Policy retroactive to July 5, 2017, with interest; an Order mandating reinstatement of Plaintiff's LTD benefits from

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006
(202) 659-5500

the date of the Order until the termination of the policy by its terms; an award of reasonable attorney's fees and costs incurred in the prosecution of this action; a declaration that Defendant's conduct was a violation of ERISA; an Order barring Defendant from further conduct that violates ERISA; and any other relief that this Court deems just and proper.

### COUNT II – Breach of Contract

Plaintiff incorporate by reference all other paragraphs of the Complaint as if fully alleged herein, and further alleges as follows:

24. Plaintiff and Defendant are parties to the Policy.

25. The Policy is a valid and binding contract between Plaintiff and Defendant.

26. Defendant owes Plaintiff long term disability benefits pursuant to the terms of the Policy.

27. Defendant has failed to provide Plaintiff with long term disability benefits pursuant to the terms of the Policy.

28. Plaintiff has suffered damages in the amount of the plan benefits, to which she is due, as she remains unable to work due to her disability.

WHEREFORE, Plaintiff prays that this Court grant her relief as follows: an award of damages equal to the total sum of LTD payment pursuant to the terms of the Policy retroactive to July 5, 2017, with interest; an Order mandating reinstatement of Plaintiff's LTD benefits from the date of the Order until the termination of the policy by its terms; an award of reasonable attorney's fees and costs incurred in the prosecution of this action; and any other relief that this Court deems just and proper.

### COUNT III – Declaratory Judgment

31. Plaintiff incorporate by reference all other paragraphs of the Complaint as if fully

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

alleged herein, and further alleges as follows:

32. Plaintiff and Defendant are parties to the Policy.

33. The Policy is a valid and binding contract between Plaintiff and Defendant.

34. Defendant owes Plaintiff long term disability benefits pursuant to the terms of the Policy.

35. Defendant has failed to provide Plaintiff with the long term disability benefits pursuant to the terms of the Policy.

36. Plaintiff has suffered damages in the amount of the plan benefits, to which she is due, as she remains unable to work due to her disability.

37. Plaintiff requests a declaratory judgment that she is entitled to the relief requested herein pursuant to the terms of the Policy.

WHEREFORE, Plaintiff prays that this Court grant her relief as follows: an award of damages equal to the total sum of LTD payment pursuant to the terms of the Policy retroactive to July 5, 2017, with interest; an Order mandating reinstatement of Plaintiff's LTD benefits from the date of the Order until the termination of the Policy by its terms; an award of reasonable attorney's fees and costs incurred in the prosecution of this action; and any other relief that this Court deems just and proper.

Respectfully submitted,

KOONZ, MCKENNEY, JOHNSON,
DEPAOLIS & LIGHTFOOT, LLP

/s/ David Schloss
David Schloss                    #416523
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
(202) 659-5500
(202) 785-3719 facsimile
dschloss@koonz.com

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500

6

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all counts against Defendant.

/s/ David Schloss
David Schloss

LAW OFFICES
KOONZ, MCKENNEY,
JOHNSON, DEPAOLIS
& LIGHTFOOT
JAMES MONROE BUILDING
2001 PENNSYLVANIA AVE., N.W.
SUITE 450
WASHINGTON, D.C. 20006

(202) 659-5500